SCHLICHT HEAT, LIGHT & POWER CO. v. ÆOLIPYLE CO.

(Circuit Court, S. D. New York.   January 2, 1903.)

1. PATENTS—VIOLATION OF INJUNCTION—PROCEEDING FOR CONTEMPT.
   On a motion to punish for contempt in violating an injunction against infringement, doubtful questions are not to be resolved against the respondent.

In Equity. On motion to punish for contempt in violating an injunction issued under opinion at final hearing.   117 Fed. 299.

Kenyon & Kenyon, for the motion.
Betts, Betts, Sheffield & Betts, opposed.

LACOMBE, Circuit Judge. A large part of the affidavits and of the argument seems to be directed to a rediscussion of the questions passed upon at final hearing, which need not now be re-examined. The decree forbade infringement of the patent, with the proviso that it was "not intended to restrain the use of defendant's device, apparatus or æolipyle, when placed at the smoke-collar of a furnace or stove or within six inches therefrom." Judge Coxe interpreted this clause as meaning—it seems not susceptible of any other interpretation—that "if defendant uses the æolipyle at the smoke-collar of a stove or furnace or within six inches of such collar it does not infringe; if, on the other hand, it uses the æolipyle at a greater distance than this, it does infringe."

The only questions here presented are: What is the æolipyle? What is the smoke-collar? Within what distance of each other are they placed?

Dealing only with the concrete case now presented, the solution of the problem is simple; but the expressions of opinion on this mo-

tion are to be read as confined only to the concrete case now under discussion.

The æolipyle is a complete structure adapted to be inserted in a smoke-pipe or at the lower end of a smoke-pipe. The shell or jacket in which the perforated damper works is part of the apparatus. This statement does not import that the shell may be elongated arbitrarily on the combustion side. In the devices as made up and sold before suit was brought, the shell extended in that direction 1¾ inches— not an unreasonable amount to secure their affixing and allow free play to the perforated damper—and no change has been made in that length. The Zucker installment complained of does not exceed that limit.

The smoke-collar of a furnace, for the purposes of this motion, may be taken to be located at the place where the products of combustion have ceased to do work as useful heat producers, and are passing forth as waste products to be eliminated. Complications of the problem resulting from structural details of brickwork, etc., are out of this concrete case, for here that line of demarkation is readily accessible and easily located. The complainant does not claim that such line, in this case, lies any nearer the combustion chamber than the shell of the boiler. In making this statement the court has not overlooked the argument of complainant that the æolipyle must, if it would escape infringement in the case of a furnace, be located much nearer the combustion chamber; but when the court held that infringement could not be predicated of the device when placed on the smoke-collar of a furnace, with long and tortuous radiating flues between it and such chamber, that point was eliminated from the problem now before us. The place where the products of combustion pass out from their field of useful activity to the conduit which discharges them is a hole. Through that hole in the structure complained of there projects a short section of pipe, fastened to the shell which encases the structure in which heat is generated by combustion and accomplishes its work. This short stub of pipe—it is six inches long —was not devised with any regard to the patent nor with any intent to evade the injunction. Manifestly, it is a collar—much more of a collar than the hole is—adapted to have a pipe applied to it, and seems fairly to be such a smoke-collar as the court had in mind. To what extent such a stub would have to be elongated in order to escape classification as "collar" we need not now inquire, no such question is presented in this case.

Upon motion to punish for contempt, doubtful questions are not to be resolved against the respondent, and, when it appears that the distance from the furthest end of the collar to the nearest end of the æolipyle is not greater than the six inches allowed by the injunction, such motion should be denied.